1  Julia Campins – CA State Bar No. 238023
   Hillary Benham-Baker – CA State Bar No. 265019
2  Campins Benham-Baker, LLP
   8 California Street, Suite 703
3  San Francisco, CA 94111
   Tel. (415) 373-5333
4  Fax (415) 373-5334
   julia@cbbllp.com
5  hillary@cbbllp.com

6  Meghan Boone – *Pro Hac Vice Application To Be Filed*
   Institute for Public Representation
7  Georgetown University Law Center
   600 New Jersey Avenue, Suite 312
8  Washington, DC 20001
   Tel. (202) 662-9535
9  Fax (202) 662-9634
   mmb302@law.georgetown.edu
10
   *ATTORNEYS FOR PLAINTIFF*

11

12            UNITED STATES DISTRICT COURT
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| Mary Gonzales, | ) |
| | ) |
| *Plaintiff*, | ) Case No.: 15-3301 |
| | ) |
| vs. | ) **COMPLAINT** |
| | ) **DEMAND FOR JURY TRIAL** |
| Marriott International, Inc., | ) |
| Marriott Hotel Services, Inc., | ) |
| d/b/a Los Angeles Airport Marriott, | ) |
| | ) |
| *Defendants*. | ) |

1

# INTRODUCTION

1. Plaintiff Mary Gonzales brings this action under Title VII, 42 U.S.C. § 2000e, and the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, 12945, against Defendants Marriott International, Inc. and Marriott Hotel Services, Inc., doing business as Los Angeles Airport Marriott (LAX Marriott) for failing to provide Ms. Gonzales with reasonable accommodations for lactation breaks at work and discriminating against her on the basis of sex.

2. Ms. Gonzales has a great passion for helping infertile individuals and couples build their families through surrogacy. In accordance with a gestational surrogacy agreement, Ms. Gonzales was pregnant from August 2013 to April 2014, and gave birth on April 22, 2014 to a healthy female child.

3. Prior to returning to work at the end of her approved maternity leave, Ms. Gonzales notified her manager at LAX Marriott that she would need breaks to express breast milk when she returned. A short time after she returned to work, however, LAX Marriott denied Ms. Gonzales lactation breaks despite the fact that other female employees at LAX Marriott were permitted to take such breaks following their pregnancies.

4. Defendants' refusal to provide Ms. Gonzales with access to the same reasonable accommodations for lactation permitted to other recently-pregnant female employees violated the Pregnancy Discrimination Act and the California

Fair Employment and Housing Act. Because Defendants' decision rested wholly on impermissible stereotypes about "legitimate" motherhood, it also constituted unlawful discrimination on the basis of sex. To compensate for unpaid wages, as well as the physical and emotional suffering that resulted from being denied access to lactation breaks, and to protect her legal ability to take lactation breaks in the future, Ms. Gonzales seeks relief from this Court.

## PARTIES

5. Plaintiff Mary Gonzales is an individual residing in Whittier, California and is currently employed full-time in the accounting department at the Los Angeles Airport Marriott.

6. Los Angeles Airport Marriott (LAX Marriott) is a hotel branch of Marriott International, Inc., operated by Marriott Hotel Services, Inc., and located in Los Angeles, California.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and under the Pregnancy Discrimination Act, 42 U.S.C. § 2000(k).

8. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because the actions giving rise to this claim occurred in Los Angeles County, California.

## FACTUAL ALLEGATIONS

9. Plaintiff Mary Gonzales is currently employed at the LAX Marriott.

10. Ms. Gonzales works for LAX Marriott as a general accountant and cashier.

11. Ms. Gonzales typically works forty hours per week, from 9:00am until 5:30pm, Monday through Friday.

12. Ms. Gonzales is paid approximately $17 per hour.

13. Defendants provide Ms. Gonzales with one unpaid thirty-minute lunch break and two paid ten-minute breaks per day.

14. Ms. Gonzales was pregnant from August 2013 to April 2014.

15. Ms. Gonzales gave birth on April 22, 2014.

16. After giving birth, Ms. Gonzales began to express milk several times per day, storing the breast milk in refrigerated containers, and providing it to the child's family for the child's benefit.

17. During her approved pregnancy leave, Ms. Gonzales emailed her manager, Bill Dea, on June 9, 2014, to inform him that she would need to express breast milk twice per day during the work day when she returned.

18. On June 13, 2014, Ms. Gonzales returned to work and began expressing milk twice a day in her office for approximately ten days. Each session lasted approximately twenty-five to thirty minutes.

19. Because Ms. Gonzales's personal office has video surveillance cameras in it, it was not a private place for her to express milk.

1     20. In late June 2014, the nurse at the LAX Marriott set up a lactation
2 room in an empty office space for lactating employees to use for lactation breaks.

3     21. Approximately two to three other female employees of LAX Marriott
4 began using this space to express milk.

5     22. For approximately two weeks, Ms. Gonzales expressed milk at work
6 in the designated lactation room. She usually took her first lactation break in mid-
7 morning, and the second lactation break in the afternoon.

8     23. By the end of June 2014, Ms. Gonzales and the child's mother
9 mutually agreed to discontinue the arrangement for her to ship breast milk, due to
10 logistical concerns about the safety of the shipments.

11     24. After ceasing sending the expressed milk to the child's mother, Ms.
12 Gonzales continued to express breast milk for a variety of reasons, including for
13 the personal health benefits and so that she could donate breast milk to women
14 who were unable to produce sufficient breast milk for their children.

15     25. Ms. Gonzales donated her breast milk without compensation to help
16 local women who, for medical reasons, were unable to produce breast milk, or
17 enough breast milk, for their children.

18     26. Ms. Gonzales also donated her milk to Preemies Milk Bank, a
19 charitable organization that provides milk to infants in need.

20

1  27. On June 30, 2014, Ms. Gonzales's manager, Mr. Dea, informed her that that she was no longer allowed to take breaks to express milk and had thirty days to stop expressing breast milk.

28. The following day, July 1, 2014, Ms. Gonzales emailed John G. Masamori, Market Director of Human Resources for LAX Marriott, and requested to meet with him to discuss the decision and any applicable company policies.

29. On July 18, 2014, Ms. Gonzales met with Mr. Masamori, as well as other representatives of LAX Marriott.

30. During the meeting on July 18, 2014, Ms. Gonzales showed Mr. Masamori regulations regarding lactation accommodations, including the Fair Employment and Housing Act, and informed him she had a right to lactation breaks. Mr. Masamori told her that she did not qualify for the accommodations, but that he would check the regulations and get back to her.

31. During this meeting, Mr. Masamori appeared angry and dismissive, telling Ms. Gonzales "if you had rights, we'd be talking to your lawyer."

32. Ms. Gonzales met again with Mr. Masamori on August 1, 2014.

33. During the meeting on August 1, 2014, Mr. Masamori confirmed that he was denying Ms. Gonzales's request for lactation accommodation. He informed her that she would only be allowed to use her lunch break to express milk and was not permitted to take any additional lactation breaks during the workday.

34. Mr. Masamori said she did not qualify for an accommodation because she was "not disabled" and that she wasn't pumping for the purpose of feeding "a child at home."

35. When Ms. Gonzales offered to bring in a doctor's note explaining her situation, Mr. Masamori told her, "don't bother."

36. In response, Ms. Gonzales told Ms. Masamori that she would not stop expressing milk because it was her legal right to do so, and it benefited her health and the health of infants in need of breast milk.

37. Ms. Gonzales stopped taking lactation breaks on September 11, 2014.

38. From September 11, 2014, to approximately January 20, 2015, Ms. Gonzales pumped once a day at work during her thirty-minute lunch break.

39. Because Marriott LAX would not permit Ms. Gonzales to bring her lunch into the lactation room, Ms. Gonzales would typically eat lunch rapidly during her first ten-minute break in the mid-morning, and then use her entire lunch break to express milk.

40. As a result of her need to express milk during her lunch break, Ms. Gonzales was excluded from having lunch with her associates, causing her to feel ostracized in the workplace.

41. In addition, Ms. Gonzales was excluded from lunchtime company social events, including missing her co-worker's birthday celebration, and department-wide business lunches.

42. As a result of being denied lactation breaks, Ms. Gonzales suffered clogged ducts, severe breast pain and soreness, blisters, and loss of sleep in order to express milk at night, to accommodate her inability to do so during the workday.

43. In addition, Ms. Gonzales suffered a severe emotional toll as a result of being treated unfairly, denied her legal rights, and discriminated against because of her childbearing capacity.

44. On information and belief, Defendant currently accommodates other female employees who express milk at work by providing them with lactation breaks and access to the lactation room.

45. On information and belief, Defendant accommodates other female employees because they are regarded as having nursing children at home.

46. On information and belief, Defendant pays similarly-situated women at their normal hourly rate for time spent taking lactation breaks.

47. Ms. Gonzales filed an administrative complaint with the California Department of Fair Employment and Housing (DFEH) on August 22, 2014.

48. On September 20, 2014, Ms. Gonzales filed an amended complaint with DFEH. In the complaint, she asserted that her employer discriminated against her on or around August 21, 2014, because of her sex (pregnancy).

49. On or about October 3, 2014, the LAX Marriott received notice of the complaint.

50. Ms. Gonzales received Notice of her Right to Sue from the DFEH on January 30, 2015. Ex. A.

51. Ms. Gonzales received Notice of her Right to Sue from the EEOC on April 2, 2015. Ex. B.

**FIRST CAUSE OF ACTION**
**Failure to Reasonably Accommodate a Condition Related to Pregnancy, Cal. Gov't Code § 12945; Cal. Code Regs., tit. 2 §§ 11035(d), 11035(s)**

51. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 to 51.

52. Under Cal. Gov't Code § 12945, it is unlawful "for an employer to refuse to provide reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if she so requests, with the advice of her health care provider." § 12945(a)(3)(A).

53. Lactation is one such "condition related to pregnancy, childbirth, or a related medical condition." Cal. Code Regs., tit. 2 § 11035(d).

54. A "reasonable accommodation" for lactation may include "providing

9

a reasonable amount of break time and use of a room or other location in close proximity to the employee's work area to express breast milk in private . . ." Cal. Code Regs., tit. 2 § 11035(s)(5).

55. Ms. Gonzales requested that Defendants provide her with a reasonable accommodation for her condition related to her pregnancy by allowing her two twenty-minute lactation breaks to express milk during the workday.

56. Defendants stated that they would not accommodate Ms. Gonzales.

57. Ms. Gonzales offered to provide medical documentation of her need to express milk at work, but Defendants declined to consider such documentation.

58. Defendants violated Cal. Gov't Code § 12945(a)(3)(A) by denying Ms. Gonzales's request to take two lactation breaks at work, a reasonable accommodation for a condition intrinsic to her recent pregnancy.

59. Ms. Gonzales has exhausted all administrative remedies and is entitled to compensatory damages for lost wages, as well as emotional pain and suffering, inconvenience and other non-pecuniary losses, and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**
**Failure to Reasonably Accommodate a Pregnancy Related Condition,**
**42 U.S.C. § 2000e(k)**

60. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 to 51.

61. The Pregnancy Discrimination Act (PDA) requires that "women

affected by pregnancy, child-birth, or other related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected by similar in their ability to work." 42 U.S.C. § 2000e(k).

62. Lactation is a pregnancy-related medical condition. EEOC Enforcement Guidance on Pregnancy Discrimination and Related Issues ("Enforcement Guidance") (Jul. 14, 2014) at I(A)(4)(b).

63. An employee who is lactating "must have the same freedom to address such lactation-related needs that she and her co-workers would have to address other similarly limiting medical conditions." Enforcement Guidance.

64. Ms. Gonzales requested that she receive two twenty-minute lactation breaks during the workday.

65. Defendants stated that they would not accommodate Ms. Gonzales.

66. On information and belief, Defendants accommodate other employees with disabilities or medical conditions that require reasonable accommodations, including breaks, during the workday.

67. By permitting reasonable accommodations for other employees but not for Ms. Gonzales, Defendants discriminated against Ms. Gonzales based on her pregnancy-related medical condition.

68. Defendants violated 42 U.S.C. § 2000e(k) by refusing provide Ms. Gonzales with a reasonable accommodation for her pregnancy-related condition.

69. Ms. Gonzales has exhausted all administrative remedies and is entitled to compensatory damages for lost wages, as well as emotional pain and suffering, inconvenience and other non-pecuniary losses, and reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**
**Discrimination on the Basis of Sex, 42 U.S.C. § 2000e-2**

70. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 to 51.

71. Title VII makes it unlawful for an employer "to . . . discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of . . . sex". 42 U.S.C. § 2000e-2(a)(1).

72. Discrimination on the basis of nonconformance to a sex stereotype is discrimination on the basis of sex. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250 (1989).

73. Among Defendants' stated reasons for its decision were that, unlike the other recently-pregnant women at LAX Marriott, Ms. Gonzales was not providing breast milk to a child "at home."

74. Defendants treated Ms. Gonzales's concerns with general hostility and dismissiveness.

75. On information and belief, Defendants do not require recently-pregnant employees to disclose any information regarding their purposes for

1 expressing breast milk or the ultimate physical locations of their breast milk, all of
2 which would have troubling privacy implications. *See* CAL. CONST. art. 1, § 1.

3     76. By permitting reasonable accommodations for other recently-pregnant
4 employees but not for Ms. Gonzales, Defendants discriminated against Ms.
5 Gonzales on the basis that, as a gestational surrogate, she does not adhere to the
6 traditional stereotype of motherhood, including attachment to an infant child "at
7 home."

8     77. Only an impermissible stereotype of legitimate motherhood can
9 account for Defendants' belief that federal and state law—which draw no
10 distinctions among pregnant women—permitted them to treat Ms. Gonzales
11 differently than her recently-pregnant co-workers.

12     78. Defendants' general attitude of hostility and dismissiveness indicate
13 animus towards Ms. Gonzales on the illegitimate basis that her pregnancy and
14 surrogate parenting was "different" than that of other women.

15     79. Plaintiff suffered an adverse employment action as a result of LAX
16 Marriott denying her access to paid breaks, which resulted in a daily loss of
17 monetary compensation, physical and emotional pain and inconvenience, and
18 exclusion from the social privileges of lunch breaks and lunchtime social events
19 with co-workers.

20     80. Defendants violated 42 U.S.C. § 2000e-2 by discriminating against

Ms. Gonzales on the basis of sex.

81. Ms. Gonzales has exhausted all administrative remedies and is entitled to compensatory damages for lost wages, as well as emotional pain and suffering, inconvenience and other non-pecuniary losses, and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
**Discrimination on the Basis of Sex, Cal. Gov't Code § 12945**

82. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 to 51.

83. The Fair Employment and Housing Act (FEHA) prohibits an employer from discriminating against a person "in compensation or in terms, conditions, or privileges of employment" because of sex or gender. Cal. Gov't Code § 12940(a).

84. Discrimination on the basis of nonconformance to a sex stereotype is discrimination on the basis of sex. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250 (1989).

85. Among Defendants' stated reasons for its decision were that, unlike the other recently-pregnant women at LAX Marriott, Ms. Gonzales was not providing breast milk to a child "at home."

86. By permitting reasonable accommodations for other recently-pregnant employees but not for Ms. Gonzales, Defendants discriminated against Ms.

Gonzales on the basis that, as a gestational surrogate, she does not adhere to the traditional stereotype of motherhood, including attachment to an infant child "at home."

87. Only an impermissible stereotype of legitimate motherhood can account for Defendants' belief that federal and state law—which draw no distinctions among pregnant women—permitted them to treat Ms. Gonzales differently than her recently-pregnant co-workers.

88. Defendants' general attitude of hostility and dismissiveness indicate animus towards Ms. Gonzales on the illegitimate basis that her pregnancy and surrogate parenting was "different" than that of other women.

89. Plaintiff suffered an adverse employment action as a result of LAX Marriott denying her access to paid breaks, which resulted in a daily loss of monetary compensation, physical and emotional pain and inconvenience, and exclusion from the social privileges of lunch breaks and lunchtime social events with co-workers.

90. Defendants violated Cal. Gov't Code § 12940 by discriminating against Ms. Gonzales on the basis of sex.

91. Ms. Gonzales has exhausted all administrative remedies and is entitled to compensatory damages for lost wages, as well as emotional pain and suffering, inconvenience and other non-pecuniary losses, and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Ms. Gonzales respectfully requests that this Court issue an order:

A. Declaring that Defendant failed to reasonably accommodate Ms. Gonzales's need to express breast milk at work in violation of Cal. Gov't Code § 12945; and the Pregnancy Discrimination Act, 42 U.S.C § 2000(k);

B. Declaring that Defendant unlawfully discriminated against Ms. Gonzales on the basis of sex, in violation of Cal. Gov't Code § 12940; and Title VII, 42 U.S.C. § 2000e;

C. Ordering Defendant to undergo monitoring to ensure it is reasonably accommodating its employees who are pregnant or have pregnancy-related conditions;

D. Awarding compensatory damages for lost wages;

E. Awarding compensatory damages for emotional pain and suffering, inconvenience, and other non-pecuniary losses caused by Defendants' unlawful discrimination;

F. Awarding Ms. Gonzales reasonable costs and attorneys' fees;

G. Granting other such and further relief the court may deem just and proper.

Dated: May 1, 2015               CAMPINS BENHAM-BAKER, LLP
                          By:    /s/Julia Campins
                                 Julia Campins

                                 /s/ Meghan Boone
                                 Meghan Boone – *Pro Hac Vice to be Filed*

                                 *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims presented.

Dated: May 1, 2015               CAMPINS BENHAM-BAKER, LLP
                          By:    /s/Julia Campins
                                 Julia Campins

                                 /s/ Meghan Boone
                                 Meghan Boone – *Pro Hac Vice to be Filed*

                                 *Attorneys for Plaintiff*