1    *Counsel for parties listed on next page.*

```
                                    FILED
                            CLERK, U.S. DISTRICT COURT

                                 DEC 2 8 2015

                            CENTRAL DISTRICT OF CALIFORNIA
                            BY                        DEPUTY
```

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                     WESTERN DIVISION

| | |
|---|---|
| MARY GONZALES, | Case No. 2:15-cv-03301-MMM (PJWx) |
| Plaintiff, | [~~PROPOSED~~] ORDER RE STIPULATION FOR PROTECTIVE ORDER |
| v. | **[Filed Concurrently With Stipulated Protective Order]** |
| MARRIOTT INTERNATIONAL, INC. AND MARRIOTT HOTEL SERVICES, INC., D/B/A LOS ANGELES AIRPORT MARRIOTT, | DEPT:    Courtroom 20, 3rd Floor<br>JUDGE:   Hon. Margaret M. Morrow |
| Defendants. | COMPLAINT FILED:    May 1, 2015<br>TRIAL DATE:    June 14, 2016 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

[PROPOSED] ORDER RE STIPULATION
FOR PROTECTIVE ORDER                    Case No. 2:15-cv-03301-MMM (PJWx)

JULIA CAMPINS – CA STATE BAR NO. 238023
julia@cbbllp.com
HILLARY BENHAM-BAKER – CA STATE BAR NO. 265019
hillary@cbbllp.com
Campins Benham-Baker, Llp
8 California Street, Suite 703
San Francisco, CA 94111
Telephone: (415) 373-5333
Facsimile:  (415) 373-5334

MEGHAN BOONE – *Pro Hac Vice*
Mmb302@Law.Georgetown.Edu
INSTITUTE FOR PUBLIC REPRESENTATION
Georgetown University Law Center
600 New Jersey Avenue, Suite 312
Washington, DC 20001
Telephone:  (202) 662-9535
Facsimile:   (202) 662-9634

Attorneys For Plaintiff
MARY GONZALES

CONSTANCE E. NORTON, Bar No. 146365
cnorton@littler.com
ALEXIS A. SOHRAKOFF, Bar No. 273410
asohrakoff@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile:  415.399.8490

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC. AND MARRIOTT
HOTEL SERVICES, INC.,
D/B/A LOS ANGELES AIRPORT MARRIOTT

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

[PROPOSED] ORDER RE STIPULATION
FOR PROTECTIVE ORDER

Case No. 2:15-cv-03301-MMM (PJWx)

1
# ORDER

2 Good cause having been established by Stipulation of the Parties,

3      IT IS HEREBY ORDERED,

4      1.     The Parties' Stipulated Protective Order, attached hereto as Exhibit "A,"

5 is hereby entered in its entirety as an Order of this Court.

6

7 Dated: Dec. 28, 2015

8

9 *Patrick J. Walsh*

10 The Hon. ~~Margaret M. Morrow~~ Patrick J. Walsh
UNITED STATES DISTRICT COURT

11

12

13 Firmwide:136298228.1 063783.1013

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

# Exhibit A

*Counsel for parties listed on next page.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MARY GONZALES,<br><br>          Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC. AND MARRIOTT HOTEL SERVICES, INC., D/B/A LOS ANGELES AIRPORT MARRIOTT,<br><br>          Defendants. | Case No. 2:15-cv-03301-MMM (PJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[Filed Concurrently With Stipulation]**<br><br>DEPT:     Courtroom 20, 3rd Floor<br>JUDGE:    Hon. Margaret M. Morrow<br><br>COMPLAINT FILED:     May 1, 2015<br>TRIAL DATE:              June 14, 2016 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE
ORDER

Case No. 2:15-cv-03301-MMM (PJWx)

1  JULIA CAMPINS – CA STATE BAR NO. 238023
   julia@cbbllp.com
2  HILLARY BENHAM-BAKER – CA STATE BAR NO. 265019
   hillary@cbbllp.com
3  Campins Benham-Baker, Llp
   8 California Street, Suite 703
4  San Francisco, CA 94111
   Telephone:  (415) 373-5333
5  Facsimile:   (415) 373-5334

6

7  MEGHAN BOONE – *Pro Hac Vice*
   Mmb302@Law.Georgetown.Edu
   INSTITUTE FOR PUBLIC REPRESENTATION
8  Georgetown University Law Center
   600 New Jersey Avenue, Suite 312
9  Washington, DC 20001
   Telephone:  (202) 662-9535
10 Facsimile:   (202) 662-9634

11 Attorneys For Plaintiff
   MARY GONZALES

12

13 CONSTANCE E. NORTON, Bar No. 146365
   cnorton@littler.com
   ALEXIS A. SOHRAKOFF, Bar No. 273410
14 asohrakoff@littler.com
   LITTLER MENDELSON, P.C.
15 650 California Street
   20th Floor
16 San Francisco, CA  94108.2693
   Telephone:  415.433.1940
17 Facsimile:   415.399.8490

18 Attorneys for Defendants
   MARRIOTT INTERNATIONAL, INC. AND MARRIOTT
19 HOTEL SERVICES, INC.,
   D/B/A LOS ANGELES AIRPORT MARRIOTT

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER            2            Case No. 2:15-cv-03301-MMM (PJWx)

A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protections on all disclosures and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

In the course of discovery in this action, it is possible that the Parties may produce to one another certain information and documents that will include confidential material. Such information may include, but is not limited to commercial, financial, and/or proprietary information, personal or sensitive information regarding Defendants' employees who are not parties to this lawsuit, and Plaintiff's medical and financial information. Such information may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that the Parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such material at the conclusion of the litigation, and to serve the ends of justice, a protective order for such information is

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1  justified in this matter. It is the intent of the Parties that information will not be

2  designated as confidential for tactical reasons and that nothing be so designated

3  without a good faith belief that it has been maintained in a confidential, non-public

4  manner, and there is good cause why it should not be a part of the public record of this

5  case.

6  2.  DEFINITIONS

7  2.1  Action: the matter of *Mary Gonzales v. Marriott International, Inc.,*

8  *Marriott Hotel Services, Inc., d/b/a Los Angeles Airport Marriott,* Case No. 2:15-cv-

9  03301-MMM (PJWx).

10  2.2  Challenging Party: a Party or Non-Party that challenges the designation

11  of information or items under this Order.

12  2.3  "CONFIDENTIAL" Information or Items: information (regardless of

13  how it is generated, stored, or maintained) or tangible things that qualify for protection

14  under Federal Rule of Civil Procedure 26(c), including commercial, financial, and/or

15  proprietary information; personal or sensitive information regarding Defendants'

16  employees who are not parties to this lawsuit; and Plaintiff's medical and financial

17  information.

18  2.4  Counsel: Outside Counsel of Record or House Counsel (as well as their

19  support staff).

20  2.5  Designating Party: a Party or Non-Party that designates information or

21  items produced in disclosures or in response to discovery as "CONFIDENTIAL."

22  2.6  Disclosure or Discovery Material: all items or information, regardless of

23  the medium or manner in which they are generated, stored, or maintained (including,

24  but not limited to, testimony, transcripts, and tangible things), that are produced or

25  generated in disclosures or responses to discovery in this Action.

26  2.7  Expert: a person with specialized knowledge or experience in a matter

27  pertinent to the litigation who has been retained by a Party or her/its counsel to serve

28  as an expert witness or as a consultant in this Action.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER        2        Case No. 2:15-cv-03301-MMM (PJWx)

2.8   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10   Outside Counsel of Record: an attorney or attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Materials in this Action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Order cover not only the Protected Material (as defined above), but also (1) any information copied or extracted from the Protected Material; (2) all copies, excerpts, summaries, or compilations of the Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          3          Case No. 2:15-cv-03301-MMM (PJWx)

The restrictions set forth in this Order shall not:

    (a)    Apply to any discovery matter which a party can show was lawfully possessed, obtained, or developed by it other than through discovery in this action;

    (b)    Apply to any information which lawfully is or lawfully becomes public knowledge in a manner that is not in violation of this Order;

    (c)    Operate as an admission by the recipient that any of the information contains or reflects "Confidential Information;"

    (d)    Prejudice in any way the right of any party or non-party to object on any basis to the production of discovery matter it considers not subject to discovery;

    (e)    Prejudice in any way the right of any party or non-party to seek a determination from the Court as to whether particular information shall be produced;

    (f)    Prevent the parties from entering into a written agreement to alter or waive the provisions or protections provided herein, generally or with respect to any "Confidential Information;"

    (g)    Prejudice in any way the right of any party or non-party to seek such additional or other protection as that party may deem appropriate with regard to the confidentiality of the information;

    (h)    Be construed to require any party to produce information that it considers privileged or otherwise not subject to discovery;

    (i)    Be deemed a waiver of any objections a party otherwise would have to any discovery request propounded in this action or a waiver of any third party's claim to right of privacy.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER    4    Case No. 2:15-cv-03301-MMM (PJWx)

1   imposed by this Order shall remain in effect until a Designating Party agrees

2   otherwise in writing or a court order otherwise directs. Final disposition shall be

3   deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

4   or without prejudice, and (2) final judgment herein after the completion of and

5   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

6   including the time limits for filing any motion or applications for extension of time

7   pursuant to applicable law ("Final Disposition").

8   5.   <u>DESIGNATING PROTECTED MATERIAL</u>

9       5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

10  Each Party or Non-Party that designates information or items for protection under this

11  Order must take care to limit any such designation to specific material that qualifies

12  under the appropriate standards. The Designating Party must designate for protection

13  only those parts of material, documents, items, or oral or written communications that

14  qualify so that other portions of the material, documents, items, or communications

15  for which protection is not warranted are not swept unjustifiably within the ambit of

16  this Order.

17      Mass, indiscriminate, or routinized designations are prohibited. Designations

18  that are shown to be clearly unjustified or that have been made for an improper

19  purpose (e.g., to unnecessarily encumber the case development process, or to impose

20  unnecessary expenses and burdens on other parties) may expose the Designating Party

21  to sanctions.

22      If it comes to a Designating Party's attention that information or items that

23  she/it designated for protection do not qualify for protection, the Designating Party

24  must promptly notify all other parties that she/it is withdrawing the inapplicable

25  designation.

26      5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in

27  this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that

28  qualifies for protection under this Order must be clearly so designated before the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1    material is disclosed or produced.

2    Designation in conformity with this Order requires:

3          (a) for information in documentary form (e.g., paper or electronic

4    documents, but excluding transcripts of depositions or other pretrial or trial

5    proceedings), that the Producing Party affix at a minimum, the legend

6    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

7    contains protected material. If only a portion or portions of the material on a page

8    qualifies for protection, the Producing Party also must clearly identify the protected

9    portion or portions (e.g., by making appropriate markings in the margins).

10       A Party or Non-Party that makes original documents available for inspection

11   need not designate them for protection until after the inspecting Party has indicated

12   which documents she/it would like copied and produced. During the inspection and

13   before the designation, all of the material made available for inspection shall be

14   deemed "CONFIDENTIAL." After the inspecting Party has identified the documents

15   she/it wants copied and produced, the Producing Party must determine which

16   documents, or portions thereof, qualify for protection under this Order. Then, before

17   producing the specified documents, the Producing Party must affix

18   "CONFIDENTIAL" to each page that contains Protected Material. If only a potion or

19   portions of the material on a page qualify for protection, the Producing Party also

20   must clearly identify the protected portion or portions (e.g., by making appropriate

21   markings in the margins).

22         (b) for testimony given in depositions, that the Designating Party identify

23   the Disclosure or Discovery Material on the record when the deposition is taken or

24   within ten (10) business days after the receipt of the transcript. Portions of depositions

25   qualify for protection only if they directly reference Protected Material as defined by

26   this agreement and are designated as such. The use of Protected Material in the taking

27   of depositions, including their use as exhibits in such depositions, shall not cause such

28   Protected Material to lose its status as Protected Material.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER     6     Case No. 2:15-cv-03301-MMM (PJWx)

1       (c) for information produced in some form other than documentary and

2  for any other tangible items, that the Producing Party affix "CONFIDENTIAL" in a

3  prominent place on the exterior of the container or containers in which the information

4  is stored. If only a portion or portions of the information qualify for protection, the

5  Producing Party, to the extent practicable, shall identify the protected portion or

6  portions.

7       5.3  <u>Designation of Material Produced By Non-Party</u>. Any party may

8  designate disclosures or discovery produced in this matter by any Non-Party as

9  "CONFIDENTIAL" under this Order by informing all parties, in writing, within thirty

10  (30) days of production, of the specific disclosures or discovery protected. Until the

11  expiration of the thirty-day period following production by a Non-Party, all of the

12  material made available for inspection shall be treated as "CONFIDENTIAL." This

13  section does not alter any parties' ability to challenge such a designation as provided

14  for in this Order.

15       5.4  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

16  failure to designate qualified information or items does not, standing alone, waive the

17  Designating Party's right to secure protection under this Order for such material.

18  Upon timely correction of a designation, the Receiving Party must make reasonable

19  efforts to assure that the material is treated in accordance with the provisions of this

20  Order.

21  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

22       6.1  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

23  designation of confidentiality at any time that it is consistent with the Court's

24  Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality

25  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

26  economic burdens or a significant disruption or delay of the litigation, a Party does not

27  waive its right to challenge a confidentiality designation by electing not to mount a

28  challenge promptly after the original designation is disclosed.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER    7    Case No. 2:15-cv-03301-MMM (PJWx)

6.2 <u>Meet and Confer and Judicial Intervention</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. If the Parties cannot resolve a challenge without court intervention, the Parties shall formulate a written stipulation in conformance with Local Rule 37-2 et seq.

6.3 <u>Miscellaneous</u>. The burden of persuasion in any such challenge proceeding shall be with the Designating Party. Frivolous challenges, and those made for improper purposes (e.g., to harass or impose unnecessary expenses and burdens on another Party) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, attempting to settle, or litigating an appeal in this Action. Such Protected Material may be disclosed only to the categories of persons described in this Order. At the Final Disposition of this Action, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          8          Case No. 2:15-cv-03301-MMM (PJWx)

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action. Before the disclosure of any Protected Material to such experts, the experts shall sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) to be bound by the terms and provisions of the Protective Order. Such experts shall destroy all Disclosure or Discovery Material containing Protected Material and any notes made therefrom at Final Disposition of this litigation, as defined in Section 4, and certify that such destruction has taken place;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action. Before the disclosure of any Protected Material to such persons, they shall sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Such persons shall destroy all Disclosure or Discovery Material containing Protected Material and any notes made therefrom at the Final Disposition of this litigation, as defined in Section 4, and certify that such destruction has taken place;

(g) the author or prior recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses in the Action (and their attorneys) to whom disclosure is reasonably necessary. Before the disclosure of any Protected Material to such persons, they shall execute the "Acknowledgment and Agreement To Be Bound" (Exhibit A). Such persons shall not be permitted to retain any copy or copies of the Protected Material in any form. Pages of transcribed deposition material may be separately bound by the court reporter and may not be disclosed to anyone

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER     9     Case No. 2:15-cv-03301-MMM (PJWx)

1    except as permitted under this Order; and

2          (i) any mediator or settlement officer, and their supporting personnel,

3    mutually agreed upon by any of the parties engaged in settlement discussions.

4    8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

5          **OTHER LITIGATION**

6          If a Party is served with a subpoena or a court order issued in other litigation

7    that compels disclosure of any information or items designated in this Action as

8    "CONFIDENTIAL," that Party must:

9          (a) promptly notify in writing the Designated Party. Such notification

10   shall include a copy of the subpoena or court order.

11         (b) promptly notify in writing the party who caused the subpoena or order

12   to issue in the other litigation that some or all of the material covered by the subpoena

13   or order is subject to this Stipulated Protective Order. Such notification shall include a

14   copy of this Stipulated Protective Order; and

15         (c) cooperate with respect to all reasonable procedures sought to be

16   pursued by the Designating Party whose Protected Material may be affected.

17         If the Designating Party timely seeks a protective order, the Party served with

18   the subpoena or court order shall not produce any information designated in this

19   action as "CONFIDENTIAL" before a determination of the court from which the

20   subpoena or order issued, unless the Party has obtained the Designating Party's

21   express written permission. The Designating Party shall bear the burden and expense

22   of seeking protection in that court of its confidential material. Nothing in these

23   provisions should be construed as authorizing or encouraging a Receiving Party in this

24   Action to disobey a lawful directive from another court.

25   9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

26         **IN THIS LITIGATION**

27         (a) The terms of this Order are applicable to information produced by a

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          10          Case No. 2:15-cv-03301-MMM (PJWx)

1  Non-Party in this Action designated as "CONFIDENTIAL." Such information

2  produced by Non-Parties in connection with this litigation is protected by the

3  remedies and relief provided by this Order. Nothing in these provisions should be

4  construed as prohibiting a Non-Party from seeking additional protections.

5        (b) In the event that a Party is required, by a valid discovery request, to

6  produce a Non-Party's confidential information in its possession, and the Party is

7  subject to an agreement with the Non-Party not to produce the Non-Party's

8  confidential information, then the Party shall:

9           (1) promptly notify in writing the Requesting Party and the Non-

10  Party that some or all of the information requested is subject to a confidentiality

11  agreement with the Non-Party;

12           (2) promptly provide the Non-Party with a copy of this Stipulated

13  Protective Order, the relevant discovery request or requests, and a reasonable specific

14  description of the information requested; and

15           (3) make the information requested available for inspection by the

16  Non-Party, if requested.

17        (c) If the Non-Party fails to object or seek a protective order from this

18  Court within fourteen (14) days of receiving the notice and accompanying

19  information, the Receiving Party may produce the Non-Party's confidential

20  information responsive to the discovery request. If the Non-Party timely seeks a

21  protective order, the Receiving Party shall not produce any information in its

22  possession or control that is subject to the confidentiality agreement with the Non-

23  Party before a determination by the court. Absent a court order to the contrary, the

24  Non-Party shall bear the burden and expense of seeking protection in this Court of its

25  Protected Material.

26  10.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

27        If a Receiving Party learns that, by inadvertence or otherwise, she/it has

28  disclosed Protected Material to any person in any circumstance not authorized under

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER     11     Case No. 2:15-cv-03301-MMM (PJWx)

this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use her/its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or person to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## 12.  MISCELLANEOUS

12.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right she/it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3  <u>Filing Protected Material</u>. A Party that seeks to file under seal any

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER            12            Case No. 2:15-cv-03301-MMM (PJWx)

Case 2:15-cv-03301-MMM-PJW Document 46-1 Filed 12/22/15 Page 19 of 21 Page ID
#:347
Case 2:15-cv-03301-JLS-PJW Document 47 Filed 12/28/15 Page 19 of 21 Page ID #:368

1    Protected Material must comply with Civil Local Rule 79-5. Protected Material may

2    only be filed under seal pursuant to a court order authorizing the sealing of the

3    specific Protected Material at issue. If a Party's request to file Protected Material

4    under seal is denied by the court, then the Receiving Party may file the information in

5    the public record unless otherwise instructed by the Court.

6    13.    FINAL DISPOSITION

7         After the Final Disposition of this Action, as defined in paragraph 4, within 60

8    days of a written request by the Designating Party, each Receiving Party must return

9    all Protected Material to the Producing Party or destroy such material. As used in this

10   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

11   summaries, and any other format reproducing or capturing any of the Protected

12   Material. Whether the Protected Material is returned or destroyed, the Receiving Party

13   must submit a written certification to the Producing Party (and, if not the same person

14   or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

15   category, where appropriate) all the Protected Material that was returned or destroyed,

16   and (2) affirms that the Receiving Party has not retained any copies, abstracts,

17   compilations, summaries or any other format reproducing or capturing any of the

18   Protected Material. Notwithstanding the foregoing, counsel for the parties may

19   maintain one archival copy of documents containing Confidential Information for an

20   additional five (5) years after the conclusion of the litigation.  This copy will be

21   maintained in a secured manner. Any such archival copies that contain or constitute

22   Protected Material remain subject to this Protective Order as set forth in Section 4

23   (DURATION).

24   14.    Any violation of this Order may be punished by any and all appropriate

25   measures including, without limitation, contempt proceedings and/or monetary

26   sanctions.

27   //

28   //

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          13          Case No. 2:15-cv-03301-MMM (PJWx)

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

December 22, 2015       /s/ Alexis A. Sohrakoff
Constance E. Norton
Alexis A. Sohrakoff
Littler Mendelson, P.C.

*Attorney for Defendants*
Marriott International, Inc. and Marriott Hotel
Services, Inc., D/B/A Los Angeles Airport Marriott

December 22, 2015       /s/ Meghan Boone
Meghan Boone
Institute for Public Representation, Georgetown
University Law Center

*Attorney For Plaintiff*
Mary Gonzales

## ATTESTATION OF E-FILED SIGNATURE

I, Alexis A. Sohrakoff, am the ECF User whose ID and password are being used to file this Stipulated Protective Order. In compliance with Local Rule 5, I hereby attest that Meghan Boone, counsel for Plaintiff, has read and approved this stipulation and consents to its filing in this action.

December 22, 2015       /s/ Alexis A. Sohrakoff
Constance E. Norton
Alexis A. Sohrakoff
Littler Mendelson, P.C.

*Attorney for Defendants*
Marriott International, Inc. and Marriott Hotel
Services, Inc., D/B/A Los Angeles Airport Marriott

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

# **ATTACHMENT A**

As a condition to inspecting or otherwise using documents and information produced in the above-captioned Action entitled MARY GONZALES v. MARRIOTT INTERNATIONAL, INC. AND MARRIOTT HOTEL SERVICES, INC., D/B/A LOS ANGELES AIRPORT MARRIOTT, United States District Court for the Central District of California, Case NO. 2:15-cv-03301-MMM (PJWx), I certify under penalty of perjury that I have read the attached Stipulated Protective Order regarding the handling of documents and information designated as "Confidential Information." I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and to not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to return all originals and all copies of such documents and/or information when required to do so under the Stipulation and Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____     _____
                            Signature

                            _____
                            Print Name

Firmwide:137543383.3 063783.1013

---

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

ATTACHMENT A TO STIPULATED
PROTECTIVE ORDER                          1.          Case No. 2:15-cv-03301-MMM (PJWx)